STEPHANIE YONEKURA
Acting United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
JENNIFER CHOU (Cal. Bar No. 238142)
Assistant United States Attorney
Deputy Chief, General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone:  (213) 894-6482
     Facsimile:  (213) 894-3713
     E-mail:     jennifer.chou@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CR No. 14-274(A)-JFW |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION FOR DEFENDANT JEREMY BRENDAN SEARS |
| v. | |
| JEREMY BRENDAN SEARS, | Hearing Date: 5-29-15 |
| Defendant. | Hearing Time: 9:00 a.m. |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Jennifer Chou, hereby files its sentencing position as to defendant JEREMY BRENDAN SEARS.

//

//

//

This sentencing position is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: May 8, 2015                    Respectfully submitted,

STEPHANIE YONEKURA
Acting United States Attorney

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division


          /s/
JENNIFER CHOU
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**I.  INTRODUCTION**

Defendant JEREMY BRENDAN SEARS ("defendant"), pleaded guilty on January 2, 2015, pursuant to a binding plea agreement, to count eight of the indictment, which charges defendant with production of child pornography, in violation of 18 U.S.C. § 2251(a), (e).

On March 16, 2015, the Probation Office disclosed the Presentence Report ("PSR").  The government concurs with PSR's calculations regarding the applicable United States Sentencing Guidelines, Nov. 1, 2014 ed. ("U.S.S.G." or "Sentencing Guidelines"), which is the same calculation to which the parties stipulated in paragraph 15 of the plea agreement:

| | | | |
|---|---|---|---|
| Base Offense Level | : | 32 | [USSG § 2G2.1(a)] |
| Minor Victim 12-16 Years Old | : | +2 | [USSG § 2G2.1(b)(1)(B)] |
| Sexual Contact | : | +2 | [USSG § 2G2.1(b)(2)(A)] |
| Distribution | : | +2 | [USSG § 2G1.1(b)(3)] |
| Misrepresentation of Identity/Use of a Computer or Internet | : | +2 | [USSG § 2G1.1(b)(6) |
| Grouping Adjustment | : | +5 | [USSG § 3D1.4] |
| Acceptance of Responsibility | : | -3 | [USSG § 3E1.1(b)] |
| Total Offense Level | : | 42 | |

PSR ¶ 42.

The government also concurs with the PSR's determination that defendant has a criminal history category of I, which results in an applicable Guidelines range of 360-months to life imprisonment.

1    For the reasons set forth below, and pursuant to paragraph 18
2 of the plea agreement,[1] the government recommends that the Court
3 impose the following sentence: a term of imprisonment of 18 years
4 (or 216 months), followed by a lifetime period of supervised release
5 with the terms and conditions set forth in the plea agreement at
6 paragraph 3(j), as amended and supplemented by the parties'
7 stipulation as to amended and additional conditions of supervised
8 release, filed on May 4, 2015 (CR 73); restitution in the amount of
9 $491.09 to be paid to victim A.H. in care of victim A.H.'s parents,
10 per the parties' stipulated agreement regarding restitution, filed
11 on May 4, 2015 (CR 74); and a special assessment of $100.  The
12 government defers to the PSR's determination that defendant does not
13 have the ability to pay a fine and does not object to a waiver of
14 the fine.  PSR ¶¶ 248-49.

## II.   RESTITUTION AND VICTIM IMPACT STATEMENTS

The parties have agreed that defendant shall pay restitution in the amount of $491.09 to be paid to victim A.H. in care of victim A.H.'s parents, per the parties' stipulated agreement regarding restitution, filed on May 4, 2015.  This is the amount requested by victim A.H. to compensate A.H. and her family for costs incurred as a result of defendant's conduct, primarily relating to A.H.'s mental health counseling costs.  As noted in the stipulation, the government has received no other victim restitution requests in this

---

[1] Paragraph 18 of the plea agreement sets forth the parties' stipulated agreement to recommend a sentence of between 15 and 18 years' imprisonment; a lifetime period of supervised release with conditions to be fixed by the Court, which shall include the conditions set forth in paragraph **Error! Reference source not found.**); a fine in an amount to be determined by the Court; a $100 special assessment; and restitution as ordered by the Court.

2

case.  Defendant has agreed to pay the restitution to A.H. at or before sentencing on May 29, 2015 per the procedures set forth in the stipulation.

The government has not received any victim impact statements from the identified minor victims.  The government continues to comply with its statutory victim notification and victim services obligations.

**III. ANALYSIS OF THE SECTION 3553(A) FACTORS**

The government submits that the factors set forth at 18 U.S.C. § 3553(a) would be fulfilled by a sentence of 18 years, which is 12 years less than the low end of the applicable Guidelines sentencing range.  The § 3553(a) factors discussed below justify the variance and the recommended 18-year sentence, as does the government's interest in reaching a pre-trial resolution to avoid requiring the minor victims to publicly provide about potentially sensitive and embarrassing testimony about their interactions with defendant.

**A.   18 U.S.C. § 3553(a)(1)**

Section 3553(a)(1) requires the Court to consider the nature and circumstances of the offense and the history and characteristics of defendant.  Here, defendant used false online identities to persuade teenage victims to send defendant sexually explicit photos or to engage in sexually explicit video webchats that defendant recorded.  In mitigation, defendant had in-person meetings with only two victims, and did not succeed in having physical sexual contact with any of the victims, although he tried to touch victim M.N.'s penis at their meeting on August 14, 2013.  PSR ¶ 44.  Additionally, a number of the victims apparently voluntarily engaged in the sexually explicit webchats with defendant's female online persona,

though they did not know that defendant was not a teenage girl or that defendant was recording the webchats.  Defendant has accepted responsibility for his conduct.

Defendant has a stable family and a home with parents who will care for him upon his release from custody.  Finally, defendant is currently 24 years old.  An 18-year sentence is almost as long as he has been alive.  He will be about 40 years old when he is released from custody after an 18-year sentence.  He will receive much-needed sex offender treatment while in custody, and that treatment will continue for the rest of his life, as he has agreed to (and Probation recommends) a lifetime period of supervised release.  The additional conditions to which the parties stipulated are designed, with Probation's consultation and input, to decrease defendant's risk of recidivism once he is on supervision.

Therefore, an 18-year sentence is sufficient under this factor.

### B.   18 U.S.C. § 3553(a)(2)

Section 3553(a)(2) requires the Court to consider the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of defendant, and to provide defendant with any needed training and treatment.  These factors also support a sentence of 18 years imprisonment.  Defendant has never been incarcerated prior to this case, and, as noted above, an 18 year sentence is almost as long as defendant has been alive.  The sentence, coupled with the supervised release conditions, should be sufficient to afford both specific and general deterrence, and to protect the public from future crimes of defendant, who will be

4

required to register as a sex offender, and who will be subject to close sex offender supervision and ongoing sex offender treatment as part of his life term of supervised release.

### C. 18 U.S.C. § 3553(a)(6)

18 U.S.C. § 3553(a)(6) requires the Court to minimize sentencing disparity among similarly situated defendants. Given defendant's history of mental health issues and individual characteristics, a below-Guidelines sentence of 18 years is appropriate, and similarly-situated defendants would receive commensurate sentences. While in custody, defendant can also take advantage of training and educational programs, along with the sex offender and mental health treatment, and the ongoing supervised release can provide him with resources to re-integrate into society after his release from custody.

### D. THE REMAINING 3553(a) FACTORS ALSO SUPPORT THE SENTENCE REQUESTED BY THE GOVERNMENT

18 U.S.C. § 3553(a)(3) requires the Court to consider the kinds of sentences available. An 18-year period of imprisonment, followed by a lifetime period of supervised release, is a fair sentence, given the scope of potential harm of defendant's offense, and provides punishment that is sufficient but not greater than necessary to address the offense. Additionally, a pre-trial resolution to this case allows for a more efficient use of judicial and government resources. Resolving this case pre-trial also allows the minor victims to avoid public testimony of an embarrassing and sensitive nature that could further humiliate and victimize them.

18 U.S.C. § 3553(a)(4) & (5) now merely require the Court to take the sentencing Guidelines as "advisory."

**IV. CONCLUSION**

For all the foregoing reasons, the factors set forth in 18 U.S.C. § 3553(a) support the imposition of a sentence of 18 years' imprisonment, followed by a lifetime period of supervised release, and a special assessment of $100.

# CERTIFICATE OF SERVICE

I, **THERESA J. ARMIJO**, declare:

That I am a citizen of the United States and a resident of or employed in Los Angeles County, California; that my business address is the Office of United States Attorney, 312 North Spring Street, Los Angeles, California 90012; that I am over the age of 18; and that I am not a party to the above-titled action;

That I am employed by the United States Attorney for the Central District of California, who is a member of the Bar of the United States District Court for the Central District of California, at whose direction I served a copy of:

**GOVERNMENT'S SENTENCING POSITION FOR DEFENDANT JEREMY BRENDAN SEARS**

☒ **Placed in a closed envelope for collection and inter-office delivery, addressed as follows:**

☐ **Placed in a sealed envelope for collection and mailing via United States mail, addressed as follows:**

USPO Robert Klepa
U.S. Probation Officer
312 N. Spring Street, 6th Floor
Los Angeles, CA 90012

☐ **By messenger, as follows:**

☐ **By Federal Express, as follows:**

This Certificate is executed on **May 8, 2015**, at Los Angeles, California. I certify under penalty of perjury that the foregoing is true and correct.

THERESA J. ARMIJO
Legal Assistant